Sullivan, J.
This was an action of debt on a collector’s bond. The defendants craved oyer of the bond and condition, and pleaded performance, The plaintiff replied denying the performance, and, after averring a delivery of a duplicate of the assessment roll, precept, &c., to the collector, assigned the following breaches, viz.: 1, That Dickey, the collector, by virtue of said precept, &c., had collected a large amount of the taxes due to said county, to wit, the sum of $3,000, and had wholly failed1 and refused to pay the same to the treasurer as required by law. 2, That said Dickey, wilfully and negligently, failed to collect of the taxes due to said county, according to law, a large sum of money, to wit, the sum of $2,000. 3, That he failed to return the duplicate and precept according to law.
To the replication, the defendants demurred specially, 1, Because it was double. 2, Because it was argumentative. 3, Because it did not set forth a legal assessment roll. 4, Because it did not show a sufficient precept. Joinder in demurrer, and judgment for the plaintiff.
The replication is not double. In actions on bonds like the one contained in this record, the statute authorizes the plaintiff to assign as many breaches as he may think proper; and, as this Court has repeatedly decided, the assignment of the breaches may be made in the declaration, or in the replication, at the option of the pleader.
The replication is not argumentative, and if it were, the demurrer should have shown specifically wherein and how it is argumentative. 1 Chitt. Pl., 573; Spencer v. Southwick, 9 Johns. R., 314; 1 Saund., 337, note 3.
The third and fourth causes of demurrer we think do not *87 exist. The replication shows sufficiently, that a duplicate of the assessment roll made out according to law, and a precept in due form, were delivered to the collector.
C. H. Test, for the plaintiffs.
8. W. Parker, J. S. Newman, and C. JB. Smith, for the defendant.
Another alleged error relied upon by the plaintiffs in this Court for the reversal of the judgment, is the refusal of the Circuit Court to continue the cause on their application, on the filing of the replication by the plaintiff below. It is ‘^contended, that the defendants in that Court were not apprized of what the plaintiff intended to rely upon until the breaches were spread upon the record, and that therefore they should not have been forced into trial at that term. This position is not tenable. The practice act provides that when a cause is called, if the plea or pleas have not been filed, the defendant shall plead, the plaintiff reply, and the defendant rejoin, and so on, until the issues in law or fact be made up, and a trial shall thereupon be had, &c. In the process of pleading, an issue may be formed not anticipated by the parties, yet the statute directs that the trial shall proceed. This, however, must not be understood as preventing a continuance on good cause shown by affidavit. The assignment of breaches in the replication is not an amendment of the declaration, which alone entitles the defendant to a continuance as a matter of course.
Per Curiam.—The judgment is affirmed, with 3 per cent. damages and costs.